## LOUISVILLE TRANSIT CO. v. LOUISVILLE & N. R. CO.

Court of Appeals of Kentucky.
Dec. 5, 1952.

John E. Tarrant, Bullitt, Dawson & Tarrant and James W. Hendricks, Louisville, for appellant.

James P. Helm, Jr., H. T. Lively, Joseph L. Lenihan and J. P. Hamilton, Louisville, for appellee.

WADDILL, Commissioner.

The Louisville Transit Company appeals from a judgment for $3,216.53, rendered against it in favor of appellee, L. & N. Railroad Company, on a directed verdict in an action for breach of contract. The amount of the judgment represents the costs to appellee of removing five rail crossings at which appellant's street car tracks intersect appellant's railroad tracks in the city of Louisville.

There are four separate contracts involved in this case. The first was entered into in 1892 between the Louisville Railway Transfer Company, now L. & N., and the Louisville Terminal Railway Company. This contract granted the Louisville Terminal Railway Company the right to construct and operate its tracks across the tracks of the L. & N.'s predecessor at Warnock Street. The contract recites that the crossing is for the sole benefit of the Louisville Terminal Railway Company and is objectionable to the L. & N.'s predecessor

and the consideration for granting the right is a promise of the grantee to perpetually maintain the crossing in good order at its own expense.

The second contract is dated August 25, 1893, and is between the L. & N. Railroad Company and the Louisville Railway Company, now the Louisville Transit Company, appellant herein. This contract gives each party the right to make certain enumerated future crossings of the other party's tracks and obligates the party making the crossing to put in and maintain in good repair, standard crossing frogs, if the tracks of the other party are cut.

The third contract is dated May 14, 1912, and is also between the appellee and appellant's predecessor. By this contract L. & N. grants consent to appellant to cross three tracks of L. & N. in consideration of appellant's promise to put in and maintain in good order a standard railroad crossing and to keep the same in good repair at the sole expense of the Louisville Railway Company.

The fourth alleged contract is a memorandum entered into by L. & N. and Louisville Railway Company by which each recognizes the other party's interest in certain crossings.

The controversy between the parties to this appeal arose about 1947 after the Louisville Railway Company converted from street cars to motor busses and thereafter ceased to use, maintain, or repair its crossings over L. & N. tracks. L. & N., after written notice from the Louisville Railway Company that it was abandoning its crossings, removed the crossings and replaced them by straight tracks and sued appellant for the cost of removing the crossings.

Appellant claims that it was never bound by the provisions of the 1892 contract, because it was not a party to, or successor in interest of any party to this contract. It appears that appellant's predecessor purchased the assets of Louisville Terminal Railway Company, party to the contract, from Terminal's trustee in bankruptcy. Appellant claims that a party who purchases the assets of an insolvent corporation does not thereby become bound to perform its obligations. This may be true in the case of some classes of obligations, but this Court held in Louisville & Nashville Railroad Company v. Central Kentucky Traction Company, 147 Ky. 513, 144 S.W. 739, that a street railway company which purchases the assets of an insolvent railway company succeeds to the rights under railroad crossing contracts of the insolvent company, and where it has knowledge of the terms under which the rights arose, it is bound to exercise these rights under the terms of the obligations imposed by the contract.

Here the appellant used the Warnock Street crossing and performed the duties imposed by the 1892 contract until 1947 when it converted from street cars to busses. Appellant had a copy of the 1892 contract among its records, and it had knowledge that the right to cross L. & N.'s tracks was dependent on this contract. We think it is clear that appellant adopted and ratified the 1892 contract when it claimed and enjoyed its benefits and performed its obligations for over 40 years.

Appellant also argues that it is not bound by the memorandum agreement of February 2, 1916, on the ground that it is not a contract. It is evidence, however, of an oral contract by which the L. & N. agreed to maintain the Story Avenue crossing and Louisville Railway Company, appellant's predecessor, agreed to maintain the Goss Avenue crossing. Appellant does not deny that it is bound by the terms of the contracts of August 25, 1893, and May 14, 1912.

Appellant further urges that there was no consideration to uphold the contracts because Section 216 of the Kentucky Constitution provides that railroads must allow the tracks of others to cross or unite. This Court has held, however, that it does not follow from this section that agreements between the companies with respect to crossings are unenforceable for want of consideration. Owensboro City R. Co. v. Louisville H. & St. L. R. Co., 165 Ky. 683, 178 S.W. 1043.

We therefore hold that appellant was bound by agreement to maintain the cross-

ings in question. Appellant argues that even if this is true, it had no duty to maintain or remove the crossings after it abandoned the right to use the crossings.

Construing the contracts in the light of the respective situations of the parties and the benefits received, we are of the opinion that the very nature of these contracts, from which no possible benefit was ever to be derived by appellee, requires an implied condition that appellee was not to be put to any expense as a result of discontinued use of the crossings by appellant. 17 C.J.S., Contracts, § 328; 13 C.J., Section 521, p. 558; Cawood v. Hall Land & Mining Co., 293 Ky. 23, 168 S.W.2d 366; City of Scottsville v. Hewitt, 234 Ky. 656, 28 S.W.2d 984; Proctor v. Union Coal Co., 243 Mass. 428, 137 N.E. 659.

Upon appellant's declared intention not to fulfill its agreements to maintain the crossings in good repair, appellee notified appellant that in order to minimize damages, it would remove the crossings abandoned by appellant and charge appellant with the cost, crediting appellant with the scrap value of the material removed. Appellee did so, and replaced the crossings with straight track at its own expense. We think that under the circumstances this was a fair method of proceeding and that the trial court was correct in awarding judgment for appellee.

Judgment affirmed.